UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scanning Technologies Innovations, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:21-cv-00853-SDM-CMV |
| | ) | |
| vs. | ) | District Judge Morrison |
| | ) | Magistrate Judge Vascura |
| Eventzilla Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT EVENTZILLA CORPORATION'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and Counterclaimant Eventzilla Corporation ("Defendant" or "Eventzilla") submits this, its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Scanning Technologies Innovations LLC's ("Plaintiff" or "STI") Complaint. Any allegations that are not specifically, expressly admitted or qualified herein are denied.

1. Eventzilla admits that STI purports to bring a claim under Title 35 of the United States Code, and that STI is seeking injunctive relief and damages.

2. Eventzilla admits that jurisdiction is proper in this Court but denies the remainder of paragraph 2 of the Complaint.

3. Eventzilla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Eventzilla admits the allegations set forth in paragraph 4 of the Complaint.

5. Eventzilla denies the allegations set forth in paragraph 5 of the Complaint but does not contest that this Court has personal jurisdiction over Eventzilla, and admits that Eventzilla has conducted business in the State of Ohio.

6. Eventzilla denies the allegations set forth in paragraph 6 of the Complaint, except admits that Eventzilla has conducted business in the State of Ohio.

7. Eventzilla denies the allegations set forth in paragraph 7 of the Complaint but does not contest that venue is proper in this Court, and admits that Eventzilla has a place of business in the State of Ohio.

8. In response to paragraph 8 of the Complaint, Eventzilla incorporates its responses to paragraphs 1 through 7 to the Complaint herein by reference.

9. Eventzilla denies paragraph 9 of the Complaint except admits that STI purports to bring a cause of action that arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Eventzilla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Eventzilla admits that a purported copy of U.S. Patent 10,600,101 ("'101 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Systems and Methods for Indicating the Existence of Accessible Information Pertaining to Articles of Commerce."

12. Eventzilla denies the allegations set forth in paragraph 12 of the Complaint.

13. Eventzilla denies the allegations set forth in paragraph 13 of the Complaint.

14. Eventzilla denies the allegations set forth in paragraph 14 of the Complaint.

15. Eventzilla denies the allegations set forth in paragraph 15 of the Complaint.

16. Eventzilla denies the allegations set forth in paragraph 16 of the Complaint.

17. Eventzilla denies the allegations set forth in paragraph 17 of the Complaint.

18. Eventzilla denies the allegations set forth in paragraph 18 of the Complaint.

19. Eventzilla denies the allegations set forth in paragraph 19 of the Complaint.

20. Eventzilla denies the allegations set forth in paragraph 20 of the Complaint.

21. Eventzilla denies the allegations set forth in paragraph 21 of the Complaint.

22. Eventzilla denies the allegations set forth in paragraph 22 of the Complaint.

23. Eventzilla denies the allegations set forth in paragraph 23 of the Complaint.

24. Eventzilla denies the allegations set forth in paragraph 24 of the Complaint.

25. Eventzilla denies the allegations set forth in paragraph 25 of the Complaint.

26. Eventzilla denies the allegations set forth in paragraph 26 of the Complaint.

27. Eventzilla denies the allegations set forth in paragraph 27 of the Complaint.

28. Eventzilla denies the allegations set forth in paragraph 28 of the Complaint.

29. Eventzilla denies the allegations set forth in paragraph 29 of the Complaint.

30. Eventzilla denies the allegations set forth in paragraph 30 of the Complaint.

31. Eventzilla denies the allegations set forth in paragraph 31 of the Complaint.

32. Eventzilla denies the allegations set forth in paragraph 32 of the Complaint.

33. Eventzilla denies knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 33 of the Complaint.

## **ANSWER TO PRAYER FOR RELIEF**

Eventzilla denies that STI is entitled to any relief in this matter. Eventzilla denies all the allegations contained in STI's Prayer for Relief. Accordingly, Eventzilla asks that STI's claims

be dismissed with prejudice and that the Court decline to grant STI any relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

In response to the Complaint, Eventzilla asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The asserted claims of the '101 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent No. 8,489,598 and U.S. Patent No. 8,457,449

## SECOND AFFIRMATIVE DEFENSE

Eventzilla does not infringe, and has not infringed, any valid, enforceable claim of the '101 Patent, under any theory of infringement, including but not limited to directly, individually, jointly, indirectly, contributorily, or through inducement.

## THIRD AFFIRMATIVE DEFENSE

Each asserted claim of the '101 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

STI's claims are barred because STI has not provided prior notification of the alleged infringements as mandated by 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that STI asserts that Eventzilla indirectly infringes, either by contributory infringement or inducement of infringement, Eventzilla is not liable to STI for the acts alleged to have been performed before Eventzilla knew that its actions would cause indirect infringement.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '101 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Eventzilla.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent STI contends that it alleges a claim for indirect infringement (whether by inducement or contributorily or by any other theory), STI has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

STI's Complaint fails to state a claim upon which relief can be granted because the '101 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

### NINTH AFFIRMATIVE DEFENSE

STI's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. STI is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### TENTH AFFIRMATIVE DEFENSE

STI is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

### ELEVENTH AFFIRMATIVE DEFENSE

If it is found that Eventzilla infringed any valid, enforceable claim of the '101 Patent, then such infringement was not willful.

### TWELFTH AFFIRMATIVE DEFENSE

Eventzilla is not liable to STI for the acts alleged to have been performed before Eventzilla received actual notice that it was allegedly infringing the '101 Patent."

## PRAYER FOR RELIEF

**WHEREFORE**, Eventzilla requests that the Court enter a judgment against STI:

a) That STI take nothing;

b) That Eventzilla be awarded any attorney's fees and costs allowed under STI's claims and applicable law; and

c) Granting Eventzilla such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Eventzilla asserts the following counterclaims against STI.

1. Eventzilla is an entity organized under the laws of Delaware.

2. Upon information and belief, and solely based on the allegation set forth in paragraph 3 of STI's Complaint in this case, STI is an entity organized under the laws of Texas.

## COUNT I

**(DECLARATION REGARDING NON- INFRINGEMENT OF THE '101 PATENT)**

3. Eventzilla incorporates paragraphs 1 and 2 above of its Counterclaim herein.

4. This is an action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*

5. STI believes and contends that Eventzilla has infringed the U.S. Patent No. 10,600,101 (the "'101 Patent").

6. Eventzilla believes and contends that Eventzilla has not infringed and does not infringe, under any theory of law, the '101 Patent.

7. An actual controversy has arisen and now exists between STI and Eventzilla as to whether Eventzilla has infringed and infringes the '101 Patent.

8. A declaration rendering any infringement would settle the controversy because STI claims that Eventzilla has infringed the '101 Patent and Eventzilla denies that it has infringed the '101 Patent.

9. A declaration would serve a useful purpose in clarifying the non-existence or existence of legal rights between STI and Eventzilla.

10. Thus, Eventzilla requests that this Court render a declaration stating that Eventzilla has not infringed and is not infringing the '101 Patent.

WHEREFORE, Eventzilla requests that the Court:

(a) Declare that Eventzilla has not infringed and is not infringing the '101 Patent; and

(b) Award Eventzilla such other and further relief that the Court deems just and proper.

## COUNT II

### (DECLARATION REGARDING INVALIDITY OF THE '101 PATENT)

11. Eventzilla incorporates paragraphs 1 - 10 above of its Counterclaim herein.

12. This is an action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*

13. STI believes that the claims of the '101 Patent are valid.

14. Eventzilla believes that the claims of the '101 Patent are invalid.

15. Eventzilla believes the asserted claims of the '101 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent No. 8,489,598 and U.S. Patent No. 8,457,449.

16. A declaration regarding whether the asserted claims of the '101 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent No. 8,489,598 and U.S. Patent No.

7

8,457,449 would settle the controversy because STI and Eventzilla disagree as to the invalidity of the '101 Patent.

17. A declaration would serve a useful purpose in clarifying the non-existence or existence of legal rights between Eventzilla and STI.

18. Thus, Eventzilla requests that this Court render a declaration stating that the '101 Patent is invalid.

WHEREFORE, Eventzilla requests that the Court:

(a) Declare that the '101 Patent is invalid; and

(b) Award Eventzilla such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial for all issues deemed to be triable by a jury.

Dated: April 9, 2021

s/ Brett A. Schatz
Brett A. Schatz (Ohio Bar No. 0072038)
Trial Attorney
WOOD HERRON & EVANS LLP
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202-2917
Email: bschatz@whe-law.com
Telephone:     (513) 241-2324
Facsimile:     (513) 241-6234

Steven D. Weber
Fla. Bar. No.: 47543 (*pro hac vice* admission)
STARK WEBER PLLC
1221 Brickell Avenue
Suite 900
Miami, FL 33131
Tel: 305-377-8788
Email: steve@starkweber.com

Counsel for Defendant Eventzilla Corporation

## CERTIFICATE OF SERVICE

I certify that, on April 9, 2021, I caused a copy of the foregoing to be filed electronically with the Court. Notice of this filing will be sent to the parties and counsel in the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ Brett A. Schatz
                                                Brett A. Schatz (Ohio Bar No. 0072038)
                                                Trial Attorney
                                                WOOD HERRON & EVANS LLP
                                                441 Vine Street, 2700 Carew Tower
                                                Cincinnati, Ohio 45202-2917
                                                Email: bschatz@whe-law.com
                                                Telephone:   (513) 241-2324
                                                Facsimile:    (513) 241-6234